UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| VASILIY EVSTEGNEEV, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| MARY MAYHEW, Commissioner of | ) | |
| the Maine Department of Health and | ) | |
| Human Services, and in her individual | ) | |
| capacity; | ) | |
| MANON LAFRANCE; | ) | |
| KIDSPEACE NATIONAL CENTERS OF | ) | |
| NEW ENGLAND, INC.; | ) | |
| Defendants | ) | |

COMPLAINT

The Plaintiff, Vasiliy Evstegneev, moves the Court for entry of judgment against Defendants Mary Mayhew, Manon LaFrance, and KidsPeace National Centers of New England and in support of such Complaint avers as follows:

NATURE OF COMPLAINT AND JURISDICTION

1. This is a civil action under 42 U.S.C. §1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and the laws of the United States; retaliating against Plaintiff for his exercise of his rights under the First Amendment of the United States Constitution; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. This case arises under the United States Constitution and 42 U.S.C. §1983 and 1988, as amended. This Court has jurisdiction in the matter pursuant to 28 U.S.C. §2201 and 2202, 42 U.S.C. §1983 and Rule 57 of the Federal Rules of Civil Procedure.

3. Plaintiff brings this action resulting from damages incurred due to Defendants' unlawful infringement on his right to record public officials carrying out their duties as announced in *Glik v. Cuniffe*, 655 F.3d 78 (1st Cir. 2011), on or about January 2014. Plaintiff was disallowed

1

from such recording in violation of his constitutional right to free speech, freedom of expression, and freedom of the press.

4. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §1391(b)(1) and (b)(2). The actions complained of took place in this judicial district; evidence relevant to the allegations are maintained in this judicial district; Defendants reside or otherwise conduct business and have substantial contacts with this district.

PARTIES

5. Plaintiff Vasiliy Evstegneev is a parent to M.E., who is subject to a child protection proceeding brought by the Maine Department of Health and Human Services. Mr. Evstegneev is a party to that proceeding. He currently resides in Takoma Park, State of Maryland.

6. Defendant Mary Mayhew is the commissioner of the Maine Department of Health and Human Services and is chiefly responsible for the actions, policies, and decisions of the Department and its employees. She is sued for damages in her individual capacity and for injunctive and declaratory relief in her official capacity.

7. Defendant Manon LaFrance is an employee of the Maine Department of Health and Human Services and was primarily responsible for the provision of services to Mr. Evstegneev and his family at the time of the violations alleged herein. She is sued for damages in her individual capacity and for injunctive and declaratory relief in her official capacity.

8. Defendant KidsPeace National Centers of New England, Inc. (hereinafter "KidsPeace"), is a Pennsylvania corporation carrying out business within the State of Maine. KidsPeace regularly carries out discretionary functions of the Department of Health and Human Services under a formal relationship with the same, did in fact carry out such functions with regard to Mr. Evstegneev and his family, and did rely on the policy making power and color of law afforded by the Department to violate Mr. Evstegneev's constitutional rights. KidsPeace is a person for

2

purposes of 42 U.S.C. §1983.

9. At all relevant times, Defendants acted under color of state law.

FACTS

10. Vasiliy Evstegneev (hereinafter "Plaintiff") is the biological father of M. E., through his wife Alfiya Evstegneeva.

11. At some time prior to the events alleged herein, M.E. became the subject of child protection proceedings before the Maine District Court. After a contested hearing, it was determined that a situation of jeopardy existed with regard to M.E. and she was ordered into the custody of the Department of Health and Human Services. The Department was ordered to provide reunification services to Plaintiff and his wife.

12. As part of the court ordered reunification plan, the Department provided visits between M.E. and her parents in Plaintiff's home.

13. Defendant LaFrance was primarily responsible for scheduling and overseeing these visits.

14. Defendant LaFrance engaged Defendant KidsPeace to provide transportation of the child and monitoring of the child and parents during these visits.

15. On or about January 10, 2014, Plaintiff undertook to make a digital video recording of his scheduled visit with his daughter, including the actions of the KidsPeace worker bringing the child out of her car and into his home. He made video throughout the visit and continued to video as the worker brought the child out of his home and back to her car.

16. At that time, the KidsPeace worker informed Plaintiff that he did not have "permission" to video her or her vehicle.

17. At all times the KidsPeace worker was carrying out a governmental function at the request of the responsible government agency.

18. On or about January 13, 2014, Defendant KidsPeace informed the Department that it was no

longer willing to supervise visitation if Plaintiff made recordings of the worker or her vehicle.

19. On January 17, 2014, the Department hosted a meeting to address the video issue. The Department, through its worker Defendant Manon LaFrance, proposed allowing visitation to continue only at Department facilities, and only on the condition that Plaintiff agreed not to record the visits.

20. Plaintiff refused to acquiesce to this condition.

21. Defendant LaFrance suspended Plaintiff's visitation with his child due to his unwillingness to agree to the terms she proposed, particularly the restriction on recording.

22. On or about March 13, 2014, the Department petitioned the District Court to require Plaintiff and his wife to sign an agreement not to use any photographic device during visits and forbidding them to escort their child to or from the vehicle used by the KidsPeace worker to transport the child.

23. Plaintiff and his wife signed this agreement on April 7, 2014, after being ordered to do so by the court and after being denied visits with their child for approximately 120 days.

24. In December 2014 Plaintiff was subjected to a trial on termination of his parental rights whereat his conduct during visits was a matter of contention.

25. Plaintiff was unable to enter video evidence regarding the dates in question to rebut the State's claims, having been prevented from creating such body of evidence due to the Defendants' actions.

CAUSES OF ACTION

COUNT ONE
Constitutional and Civil Rights Pursuant to 42 U.S.C. §§1983 and 1988
Violation of First Amendment Speech Rights
(Against All Defendants)

26. The foregoing allegations are incorporated as if re-alleged more fully herein.

27. Plaintiff's recording of an agent of the government carrying out a governmental duty is

4

protected by the First Amendment of the United States Constitution, as stated in *Glik v. Cuniffe*, 655 F.3d 78 (1st Cir. 2011).

28. Plaintiff has a right to produce a record of governmental actions, and to use that record as a means to publicly or privately comment upon the actions of government agents.

29. Plaintiff also has the right to bring the actions of government agents to the attention of other authorities or the judicial branch if he sees fit.

30. Defendant KidsPeace was at all relevant times operating in areas that were either public, or within Plaintiff's home, and thus Defendant KidsPeace had no reasonable expectation of privacy at any time that Plaintiff engaged in the acts that led to the discontinuation of his visits with his child.

31. Defendant LaFrance used her role as an agent of the State to disrupt Plaintiff's lawful recording of government activity by abusing her discretion and suspending visits between Plaintiff and his child.

32. Defendant LaFrance and Defendant KidsPeace acted in concert to deprive Plaintiff of his First Amendment rights through punitive and unreasonable withholding of contact with his child.

33. Defendant Mayhew exercised her policy and decision making authority in a negligent and reckless manner to allow this to occur.

34. Defendants' actions were not related to the best interest of M.E.

35. Defendants' actions were undertaken to protect the non-existent interest of a government contractor in privacy in carrying out a public function in public or otherwise unprivileged arenas.

36. Defendants cloaked their actions in color of law by exercising their discretionary authority over visitation to coerce and ultimately force Plaintiff to renounce his First Amendment rights.

37. Defendants sought to deprive Plaintiff of his fundamental right to parent his child by withholding the contact necessary to his court ordered reunification as a punishment.

5

38. Defendants' acted intentionally and with callous disregard for Plaintiff's constitutional rights and withheld contact between Plaintiff and his daughter for approximately 120 days as a punishment for exercising a protected right.

39. As a direct and proximal result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff has experienced injury in the form of mental and emotional anguish and distress, loss of affection between him and his child, costs of litigation and attorneys' fees, injury to his constitutional rights, and other compensable damages in the amount of $3,000,000.00, representing approximately $1,000,000.00 for each month he was subjected to this deprivation.

40. Defendants acted with malicious or such disregard as to be tantamount to malice with regard to Plaintiff and did so in an unusually cruel manner, thus Plaintiff seeks punitive damages in the amount of $10,000,000.00.

COUNT TWO
Constitutional and Civil Rights Pursuant to 42 U.S.C. §§1983 and 1988
Violation of Fourth Amendment Rights Against Seizure of Person
(Against All Defendants)

41. The foregoing allegations are incorporated as if re-alleged more fully herein.

42. Defendants unlawfully seized Plaintiff by forbidding him freedom of motion to accompany his daughter and the KidsPeace worker between the entry of the building the visits took place in and the vehicle used to transport the child.

43. Defendants did restrict Plaintiff's freedom of motion to enter or leave the building wherein the visits took place and to come and go along public ways without due process or a showing of probable cause to justify such seizure.

44. These restrictions were also designed the make exercise of Plaintiff's First Amendment rights more difficult and served no purpose except to protect the Defendants from criticism or commentary.

45. Defendants acted with knowing and callous disregard to Plaintiff's constitutional rights.

46. Because Plaintiff was unwilling to subject himself to unlawful seizure, he was injured in the form of loss of affection of his child, emotional and mental anguish and distress, injury to his constitutional rights, costs of litigation, including attorneys' fees, and other compensable damages in the amount of $5,000,000.00, representing $1,000,000.00 for each month that this deprivation occurred.

47. Defendants acted with malicious or such disregard as to be tantamount to malice with regard to Plaintiff and did so in an unusually cruel manner, thus Plaintiff seeks punitive damages in the amount of $10,000,000.00.

### COUNT THREE
### Constitutional and Civil Rights Pursuant to 42 U.S.C. §§1983 and 1988
### Violation of Fourteenth Amendment Rights to Due Process
### (Against All Defendants)

48. The foregoing allegations are incorporated as if re-alleged more fully herein.

49. Defendants at all times were aware or should have been aware that Plaintiff was a party to a child protection action brought by the Department.

50. Defendants were aware or should have been aware that Plaintiff would likely intend to produce evidence in any such proceeding as to the nature of the visitation between him and his daughter.

51. By improperly denying him the right to record the visits, Defendants also knowingly prevented Plaintiff from creating or presenting a body of evidence favorable to his position against the State.

52. The right to present evidence favorable to one's position in the face of state action is a hallmark of due process, as protected by the Fourteenth Amendment.

53. Plaintiff was therefore denied his Fourteenth Amendment rights due to Defendants' knowing and callous disregard for his constitutional rights.

54. Plaintiff was injured by Defendants' deprivation of his constitutional rights in the form of permanent loss of his parental rights, mental and emotional anguish, injuries to his

constitutional rights, and other compensable damages in the amount of $5,000,000.00.

55. Defendants acted with malicious or such disregard as to be tantamount to malice with regard to Plaintiff and did so in an unusually cruel manner, thus Plaintiff seeks punitive damages in the amount of $10,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vasiliy Evstegneev requests judgment against the Defendants as follows:

A. For appropriate declaratory relief regarding the unlawful and unconstitutional acts of the Defendants;

B. For appropriate compensatory and punitive damages, together with reasonable attorneys fees and costs of court as allowed by the Civil Rights Act of 1871, 42 U.S.C. §1983;

C. For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. §1983, including enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of Defendants' unconstitutional acts do not continue to affect Plaintiff or any other person.

D. For such other and further relief as Plaintiff shall show himself justified.

PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

On behalf of Vasiliy Evstegneev

By

/s/ Aaron B. Rowden, Esq. (Me. Bar No. 4694)
/s/ Jared S. Brewer, Esq. (Me. Bar No. 5012)
Counsel for Plaintiff
Schneider & Brewer
49 Silver Street
Waterville, ME 04901
(207) 873-7755